UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RYAN TYLER KILBY             :
                             :
     v.                      :     C.A. No. 14-147ML
                             :
NATIONAL GRID, INC.          :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On March 26, 2014, Plaintiff filed a pro se Complaint in the form of a one-paragraph letter to the Court accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 per case filing fee. Plaintiff's Application (Document No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," "fails to state a claim on which relief may be granted," and/or "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff alleges that National Grid is "obstructing" him from "getting gas and electric service for no legitimate reason." He alleges that he has lived in his new apartment since March 5, 2014 and it has been "extremely cold." He alleges a violation of his basic human rights as well as a crime against humanity. He describes this action as "(figuratively speaking) [his] declaration of war against National Grid." He seeks damages in the amount of $900,000,000,000.00.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See, e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Rule 8(a)(2), Fed. R. Civ. P., requires that every Complaint "must" contain a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. While Plaintiff is obviously frustrated by the delay in activating his utilities as a new customer, he has not adequately stated a legal claim against National Grid. He describes the delay as a violation of basic human rights and a crime against humanity but completely fails to identify the legal basis for bringing such claims in this Court. He does not identify any federal, state or municipal laws, ordinances or regulations violated by National Grid or any common law theories of recovery.

Plaintiff's letter Complaint also fails to state the grounds for this Court's jurisdiction as required by Rule 8(a)(1), Fed. R. Civ. P. In other words, his Complaint does not state on its face whether he seeks to invoke this Court's diversity of citizenship subject matter jurisdiction (28 U.S.C. §1332) or federal question subject matter jurisdiction (28 U.S.C. § 1331).

Finally, Plaintiff's bare bones Complaint contains impertinent and scandalous matter which must be stricken from the pleading pursuant to Rule 12(f)(1), Fed. R. Civ. P. In particular, he expresses a wish to "conquer" National Grid "Genghis Kahn style" and likens this action to a

"declaration of war against National Grid." These are inappropriate, impertinent and scandalous allegations that do not belong in a well-pleaded complaint.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaint (Document No. 1) be DISMISSED without prejudice as discussed above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 31, 2014